UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adam Hill, Jr., ) | C/A No. 8:11-3022-HMH-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Honorable Ingram Moon; ) | |
| Honorable Travis W. Moore; ) | |
| V. Claire Allen -- Clerk of Court; ) | |
| Brenda F. Shealy – Court Clerk, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## Background

This *pro se* Plaintiff brings a civil action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201(a), alleging that Defendants have violated his due process rights and seeking a declaratory judgment. Plaintiff, who lives in Anniston, Alabama, alleges that his sister ("Decedent") died in Greenwood County, South Carolina on September 8, 2008. Compl. 3, ECF No.1. He alleges that Decedent's life insurance policies were never located, and the insurance company records indicated that a distant cousin, Henrietta Norman, was the beneficiary of the policy. *Id.* Plaintiff alleges that on February 4, 2009, a civil action was filed in the Greenwood County Court of Common Pleas, with Primerica Life Insurance Company named as a defendant, to determine whether the relative fraudulently changed the beneficiary designation on the policy. *Id.* Plaintiff seems to allege that discovery has taken place in that civil action and a hearing is scheduled on January 9, 2012. *Id.* at 3-4.

Further, Plaintiff seems to allege that there is an action pending in a state probate court related to Decedent's estate and that he is the current personal

representative or executor. *Id.* at 3-6. Plaintiff alleges that several different judges have been assigned to the probate case: first, Probate Judge Frank Addy, Jr., who left the judgeship for a different elected position; second, the Greenwood County Clerk of Court Ingram Moon allegedly assumed the duties and responsibilities of the vacant probate judge position and acted as a probate judge; and, currently, Probate Judge Travis W. Moore. *Id.* Plaintiff's requested relief reveals that, in the probate case, proceedings may have been held, or are scheduled, to determine if Plaintiff should be held in contempt or if he should be removed as the executor of Decedent's estate. *Id.* Specifically, Plaintiff requests this Court to "issue an injunction against The Honorable Judge Travis W. Moore (while acting in his official capacity as an agent of the state of South Carolina) to preclude any further proceedings to find Plaintiff in contempt of court or remove Plaintiff as executor of his sister's estate." *Id.* at 6. Plaintiff alleges that Probate Judge Moore began to handle proceedings in the probate case around May 12, 2011, when he entered an order denying each of Plaintiff's pending motions without an opportunity for a hearing. *Id.* at 4. Plaintiff also alleges that Probate Judge Moore intended to coerce Plaintiff into complying with a previous order entered on September 27, 2010, in the probate case by Acting Probate Judge Moon, wherein Moon ordered that Plaintiff reimburse claimant Norman for funeral expenses within twenty days or face contempt. *Id.* at 3-4.

Plaintiff alleges that on May 19, 2011, he filed a Notice of Appeal from Judge Moore's May 12, 2011, order, in the South Carolina Court of Appeals. *Id.* at 4-5. Plaintiff alleges that on June 14, 2011, he received a letter from the Clerk of the South Carolina Court of Appeals, Defendant V. Claire Allen, requesting an explanation as to why that court

was the proper forum for the appeal. *Id.* Plaintiff alleges that he responded to the letter and submitted briefs to answer that question. *Id.* On June 29, 2010, Plaintiff alleges that Defendant Allen returned all documents to Plaintiff because he had failed to serve the Notice of Appeal. *Id.* Plaintiff alleges that he had served the Notice of Appeal, so he mailed the proof of service and returned all documents to the Court of Appeals. *Id.* He alleges that on July 27, 2011, the Court of Appeals entered an order dismissing his appeal without addressing the issues raised by Plaintiff and without identifying the name of the judge signing the order. *Id.*

Plaintiff alleges that on October 24, 2011, he filed a Petition for a Writ of Certiorari with the South Carolina Supreme Court. *Id.* at 5. He alleges that Norman's attorney wrote a letter to the Supreme Court dated October 27, 2011, which caused the Clerk of the Supreme Court, Defendant Brenda F. Shealy, to issue an order without reviewing the contents of Plaintiff's petition. *Id.* The order allegedly stated, "'In any event, even if the motion were proper, it is her[e]by denied. Finally, if petitioner desires to make any further filings with this Court as the personal representative of the estate, those filings must be made by an attorney licensed to practice law in this State.'" *Id.*

Plaintiff alleges that Defendants intended to thwart his right to present grievances to the judicial system in violation of his right to due process and that their actions have violated the United States Constitution, federal law, South Carolina law, and the South Carolina Constitution. *Id.* at 5-6. Plaintiff requests a declaratory judgment to declare that Defendants violated his rights to due process. *Id.* at 6. Plaintiff also requests this Court to "issue an injunction against The Honorable Judge Travis W. Moore (while

acting in his official capacity as an agent of the state of South Carolina) to preclude any further proceedings to find Plaintiff in contempt of court or remove Plaintiff as executor of his sister's estate" in order to halt the loss of his constitutional rights.  *Id.*

## Discussion

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.  Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  The Complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[1]  *See Mills v. Greenville Co.*, 586 F. Supp. 2d 480, 487 (D.S.C. 2008); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *3 (D.S.C. Jan. 8, 2007) (noting that the payment of the full filing fee does not cure lack of jurisdiction), *adopted,* 2007 WL 4952430 (D.S.C. Jan. 30, 2007), *aff'd*, 251 F. App'x 246 (2007).  *See also Bardes v. Magera,* No. 2:08-487-PMD-RSC, 2008 WL 2627134 (D.S.C. June 25, 2008) (finding that a court must not screen a complaint pursuant to 28 U.S.C. § 1915(e)(2) when the plaintiff is a non-prisoner who paid the filing fee); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that

---

[1] This Court is <u>not</u> conducting an initial review of the Complaint pursuant to 28 U.S.C. § 1915.

where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

Plaintiff is a *pro se* litigant, and thus the pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

First, although Plaintiff alleges a due process violation pursuant to 42 U.S.C. § 1983 and purports to seek a declaratory judgment pursuant to 28 U.S.C. § 2201(a), the underlying crux of this action requests that this Court directly interfere in a pending state court probate case by ordering the probate judge to take certain actions and by declaring that Plaintiff's due process rights have been violated in that case. However, this Court does not have subject matter jurisdiction over state probate matters. *See Turja v. Turja*, 118 F.3d 1006, 1008-10 (4th Cir. 1997) (explaining that matters relating to the administration of an estate or probate of a will are outside federal court jurisdiction); *Foster v. Carlin*, 200 F.2d 943, 946 (4th Cir. 1953) (noting that federal courts have no jurisdiction over matters within the exclusive jurisdiction of state probate courts, such as the administration of an estate or the probate of a will). For a district court to have jurisdiction to issue a declaratory judgment, two conditions must be satisfied: (1) Article III "case or controversy" must be satisfied; and (2) the "prudential" inquiry by the trial court that

declaratory relief is appropriate. *White v. National Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir. 1990). Here, the prudential inquiry that declaratory relief is appropriate is not satisfied in this case because Plaintiff is seeking to have this Court interfere with state matters over which this Court has no jurisdiction.

Secondly, Plaintiff requests certain relief that this Court cannot grant. His request for an injunction to order Probate Judge Moore to take certain actions in a pending probate case are in the nature of seeking a writ of mandamus against Judge Moore. A writ of mandamus is a writ issued by a court to compel performance of a particular act by a lower court. *Black's Law Dictionary*, mandamus (9th ed. 2009). This Court does not have jurisdiction to enter an injunction, or a writ of mandamus, to order a state court probate judge to take certain actions in a pending probate case because this Court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, 305 F. App'x 65 (4th Cir. 2008).

Lastly, to the extent Plaintiff brings suit against Defendants Allen and Shealy for their past conduct related to his appeals in the state probate case, this action is frivolous because they are entitled to quasi-judicial immunity. Defendant Allen is alleged to be the Clerk of Court for the South Carolina Court of Appeals, and Defendant Shealy is alleged to be the Clerk of Court for the South Carolina Supreme Court. Plaintiff complains about Allen and Shealy's conduct of writing letters to him and mailing orders to him in connection with Plaintiff's appeals from the probate court. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Notably, clerks of court and

other court support personnel are entitled to immunity similar to judges when performing their duties. *See Stevens v. Spartanburg Cnty. Probation, Parole, and Pardon Serv.*, C/A No. 6:09-795-HMH-WMC, 2010 WL 678953, at *7 (D.S.C. Feb. 23, 2010). *See also Jarvis v. Chasanow*, No. 11-1249, 2011 WL 4564336 (4th Cir. Oct. 4, 2011). "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" *Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) (quoting *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)). Here, the alleged wrongful acts were part of the Clerk of Courts' judicial functions, and they should have quasi-judicial immunity from this lawsuit.

## Recommendation

It is recommended that the District Court dismiss this action *without prejudice* for lack of jurisdiction. Plaintiff's attention is directed to the important notice on the next page.

                                                s/Kevin F. McDonald
                                                United States Magistrate Judge

November 28, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).